THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CALVIN CURTIS,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [69] MOTION TO APPOINT VICTIM GLENN McCONKEY'S CONSERVATOR AS RECIPIENT OF HER RESTITUTION**<br><br>Case No. 2:21-cr-00464-DBB<br><br>District Judge David Barlow |

Before the court is a motion to appoint Stagg Fiduciary Services, LLC (Stagg) as the representative to assume Glenn McConkey's (Glenn)[1] rights under the Mandatory Victim Restitution Act (MVRA).[2]

The United States previously moved the court to appoint Sherry McConkey (Sherry), Glenn's daughter-in-law, to assume Glenn's rights under the MVRA.[3] The court granted the motion.[4] Ms. McConkey's previous attorneys[5] then moved[6] the court to appoint her conservator, Stagg, as the recipient of her restitution under the Mandatory Victim Restitution Act.[7] The court sentenced Mr. Curtis and ordered restitution.[8] During the sentencing, the court heard statements

---

[1] As there are two individuals with the same last name, for clarity, the court departs from its general practice and refers to the individuals by their first names.
[2] *See* 18 U.S.C. § 3663A.
[3] Stipulated Motion, ECF No. 47, filed March 28, 2022.
[4] Order dated April 19, 2022, ECF No. 54.
[5] As will be discussed below, Ms. McConkey was recently appointed independent counsel.
[6] Motion to Appoint Victim Glenn McConkey's Conservator as Recipient of Her Restitution, ECF No. 69, filed May 5, 2022.
[7] 18 U.S.C. § 3663A(a)(2).
[8] *See, e.g.*, Minute Entry dated May 6, 2022, ECF No. 70.

from counsel on this issue and later ordered additional briefing.[9] Both the United States and Sherry opposed the motion.[10] The United States also filed Supplemental Authority providing a recent ruling from the state court appointing independent counsel for Glenn.[11] Based on this change in representation, the court ordered the United States to inform Glenn's new attorney of the motion and provided additional time for any responses.[12] No additional documents were filed by any party.

> The MVRA provides as follows:
>
> In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section.[13]

As acknowledged by the parties, there are allegations that Stagg was ineffective as the conservator of Glenn's estate. It is a matter of record that Mr. Curtis was able to steal millions of dollars from Glenn while Stagg was the conservator of the estate. The allegations regarding the propriety of Stagg's actions while serving as conservator are unresolved and likely to remain unresolved for the near future. The court makes no finding as to Stagg's performance as conservator. It simply notes the theft of Glenn's money under Stagg's conservatorship and that the unresolved allegations are inarguably relevant to the court's determination.

Furthermore, Glenn's estate has been greatly depleted. That money is needed for her full-time care. Appointing Sherry, as her next of kin, is more likely to conserve the

---

[9] *See* Order dated May 6, 2022, ECF No. 71.
[10] *See* Response to Motion by the United States, ECF No. 76, filed May 16, 2022; Objection to Motion by Sherry McConkey, ECF No. 77, filed May 17, 2022.
[11] Notice of Supplemental Authority, ECF No. 80, filed May 24, 2022.
[12] Order dated May 31, 2022, ECF No. 81.
[13] 18 U.S.C. § 3663A(a)(2).

remainder of Glenn's assets to be used directly for her care rather than paying conservator and attorney fees associated with acting as conservator. The court also notes that Sherry has appeared personally before the court and through counsel. In representations to the court at the hearing and in briefing, Sherry has represented that she will "safeguard the funds in [her attorney's] trust account and assure that they are used only for Glenn's care."[14] The court credits Sherry's statements and finds her to be a suitable representative to assume Glenn's rights under the MVRA.

Furthermore, the court finds the United States' arguments on this issue to be reasoned and persuasive and incorporates the arguments and reasoning from the initial motion[15] and opposition[16] into this order.

Therefore, IT IS HEREBY ORDERED that the motion[17] to appoint Stagg as the recipient of Glenn's restitution is DENIED.

Signed June 16, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[14] *See* Objection at 4, ECF No. 77.
[15] ECF No. 47.
[16] ECF No. 76.
[17] ECF No. 69.