THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN CURTIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [105] MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(c)(1)(A)**<br><br>Case No. 2:21-cr-00464-DBB<br><br>District Judge David Barlow |

This matter is before the court on Defendant's pro se Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] Defendant requests that the court allow him to serve the remainder of his sentence in home confinement so he can obtain double knee replacement surgery, together with rehab, therapy, and post-operative care.

On November 8, 2021, the defendant was charged by felony information with one count of wire fraud and one count of money laundering.[2] Defendant subsequently pleaded guilty and, on May 6, 2022, was sentenced to 97 months of incarceration to be followed by 36 months of supervised release.[3] He was also ordered to pay restitution of $12,779,496.51.[4] Defendant filed his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on February 7, 2025.[5]

Before the enactment of the First Step Act in 2018, only the Director of the Bureau of Prisons (BOP) could file a motion to reduce a federal prisoner's sentence under § 3582(c)(1)(A).[6]

---

[1] ECF No. 105.
[2] ECF No. 1. Defendant subsequently waived indictment. ECF No. 10.
[3] ECF Nos. 70, 73.
[4] *Id.*
[5] ECF No. 105.
[6] *See United States v. Maumau*, 993 F.3d 821, 826 (10th Cir. 2021).

Since then, however, prisoners may file such motions on their own behalf if they have exhausted the administrative procedures for requesting that the BOP do so for them.[7] Specifically, prisoners may move for compassionate release directly in district court if: (1) they have fully exhausted all administrative rights to appeal the BOP's decision not to bring the requested motion, or (2) 30 days have passed since their request for a motion was received by the warden of their facility, whichever occurs first.[8] If this administrative exhaustion requirement has been satisfied, district courts may grant a prisoner's motion if, to the extent that they are applicable, (1) "extraordinary and compelling reasons warrant such a reduction" (2) such "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case" in light of the factors in 18 U.S.C. § 3553(a).[9] District courts may deny a compassionate-release motion when any step is not met, may address the steps in any order, and need not address all three steps once a failure at any step is found.[10]

Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement because he submitted a request for compassionate release to the BOP on February 26, 2024 and the warden denied his request on March 7, 2024.[11] Defendant thereafter appealed this decision on three separate occasions.[12] The BOP denied each appeal, with the final denial on September 20, 2024 because

---

[7] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("[Section] 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable.").
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021).
[10] *Id.* at 937, 942.
[11] ECF No. 105 at 3. *See also* ECF No. 105-3 at 13.
[12] April 10, 2024, *Id.* at 18–19; May 13, 2024, *Id.* at 21–31; and June 26, 2024, *Id.* at 34.

Defendant did "not meet the criteria for a RIS [Reduction in Sentence] for a Debilitated Medical Condition at this time."[13]

Defendant has not met his burden of establishing that he is entitled to relief under § 3582(c)(1)(A).[14] The first step requires a showing of extraordinary and compelling reasons warranting relief. The statute does not define "extraordinary and compelling reasons," but the statute directs the court to consider Sentencing Commission policy statements.[15] Mr. Curtis moves for compassionate release based on his medical condition.

Regarding medical circumstances, U.S.S.G. §1B1.13 describes Extraordinary and Compelling Reasons as those under the following circumstances or combination thereof:

> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(B)** The defendant is—
>
>> **(i)** suffering from a serious physical or medical condition,
>> **(ii)** suffering from a serious functional or cognitive impairment, or
>> **(iii)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> **(D)** The defendant presents the following circumstances--

---

[13] *Id.* at 45.
[14] "As the movant, defendant bears the burden of establishing that he is eligible for the requested sentence reduction." *United States v. London*, No. 1:13-CR-00012-DBB, 2021 WL 794456, at *2 (D. Utah Mar. 2, 2021).
[15] § 3582(c)(1)(A)(ii).

> **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> **(iii)** such risk cannot be adequately mitigated in a timely manner.

Mr. Curtis does not argue that (A) or (D) apply but argues that (B) and (C) do. Mr. Curtis seeks double-knee replacement due to degenerative joint disease, attaching a physician letter from around the time he was taken into custody for supervised release violations. Mr. Curtis was scheduled for surgery prior to his sentencing; however, his pretrial release was revoked, and the surgeries did not occur. Mr. Curtis also listed several other health concerns, including congestive heart failure, atrial fibrillation, heart disease, diabetes, sleep apnea, peripheral neuropathy, high blood pressure, and anxiety. The warden's review of the medical records resulted in a finding that Defendant's medical conditions are not terminal, that he does not have a debilitating injury from which he cannot recover, and as such does not warrant consideration for compassionate release.[16] A regional appeal to the BOP also found that Mr. Curtis' circumstances did not warrant compassionate release.[17] A national appeal affirmed the prior denials.[18]

The court has reviewed Mr. Curtis' arguments, the submitted medical records, and the BOP review and appeals. The evidence does not support a finding that Mr. Curtis has a substantially diminished ability to provide self-care in a correctional setting. Nor does it support a determination that he needs long-term or specialized medical care that he is not receiving or that without which he is at serious risk of a serious deterioration in health. Although Mr. Curtis

---

[16] ECF No. 105-3, 13.
[17] *Id.* at 33.
[18] *Id.* at 45.

certainly suffers from health conditions, they appear to be both manageable and managed by the prison's medical staff. For example, the records show that his knees are stiff and aching, but he is able to walk. He sought and received a cane because he was concerned he might slip at his food service job. While he might well benefit from—and apparently is being considered for—knee replacement surgery, the standard for compassionate release is not nearly approached, much less met.

But even if the extraordinary and compelling step were met, the § 3553(a) factors are not. Mr. Curtis was an attorney specializing in representing clients with disabilities. Over an approximately 13-year period, he stole about $12,700,000 from 26 of these clients. Instead of protecting his clients, he preyed upon them. He then used the funds he was duty bound to conserve for his clients—funds that would have made their difficult lives a little less challenging—to fund an extravagant lifestyle for himself: a Salt Lake mansion, a Florida home, vacations, sporting events, and countless other things. He had virtually no mitigators for this heinous offense. His crime was not driven by need. He did not suffer from substance abuse or a mental health issue that might have played some role in his crime. Indeed, by all accounts he had a happy and stable childhood and adult life. He just wanted his clients' money, so he took it.[19]

For these reasons, the court finds that the nature and circumstances of the offense, the history and characteristics of the defendant, general deterrence, respect for the law, and just punishment for the offense all weigh heavily against compassionate release.

---

[19] *See* ECF No. 98, 37-46, discussing the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) is DENIED.

Signed April 25, 2025.

BY THE COURT

_____
David Barlow
United States District Judge